# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICKI ANNE McINTYRE,<br><br>　　　　　　　　　　　Plaintiff,<br>　　v.<br><br>L-3 COMMUNICATIONS VERTEX AEROSPACE LLC, and DOES 1 through 25, inclusive,<br><br>　　　　　　　　　　　Defendants. | CASE NO. 09 CV 1237 JM (NLS)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR REMAND**<br><br>Doc. No. 8 |

　　　Plaintiff brought this action in state court, alleging gender discrimination, wrongful termination, and related state law claims against Defendant L-3 Communications Vertex Aerospace, LLC ("L-3 Vertex"), her former employer. (Doc. No. 1, Exh. 1.) L-3 Vertex removed the matter to federal court on June 8, 2009 based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) and 1441(b). (Doc. No. 1.) In the Notice, L-3 Vertex identified itself as a "limited liability company" incorporated under Delaware law with its principal place of business in Mississippi. (Doc. No. 1 at ¶ 4.) Based on that assessment, L-3 Vertex contended complete diversity exists between it and Plaintiff, a California citizen.

　　　Pending before the court is Plaintiff's Motion for Remand, in which she argues L-3 Vertex, as a limited liability company, is in fact "a citizen of every state of which its owners/members are citizens." Johnson v. Columbia Properties Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006). Since the Notice fails to allege the citizenship of its members, Plaintiff argues complete diversity is lacking

1 and the matter must be remanded. <u>See</u> 28 U.S.C. § 1447(c) ("If at any time before final judgment it
2 appears the district court lacks subject matter jurisdiction, the case shall be remanded.")  The court
3 notes the burden of persuasion falls on L-3 Vertex as "the party seeking to invoke the court's diversity
4 jurisdiction."  <u>Indus. Techtonics, Inc. v. Aero Alloy</u>, 912 F.2d 1090, 1092 (9th Cir. 1990).

5     The opposition by L-3 Vertex to Plaintiff's Motion for Remand consists of a declaration of
6 counsel regarding the citizenship of L-3 Vertex's single member company. (Doc. No. 11.) L-3 Vertex
7 alleges its only member is L-3 Communications Holdings, Inc., a Delaware corporation with its
8 principal place of business in New York. (Doc. No. 11 at ¶ 4.)  Plaintiff has not replied to this
9 opposition.[1]

10     Upon review of the papers, the court found the matter suitable for decision without oral
11 argument pursuant to Civ.L.R. 7.1(d).  The court concludes L-3 Vertex has met its burden of
12 demonstrating this court has subject matter jurisdiction over the case.  Complete diversity exists
13 between Plaintiff, a California citizen, and Defendant L-3 Vertex, a citizen of Delaware and New
14 York.  Accordingly, the court hereby **DENIES** Plaintiff's Motion for **REMAND**.

15     **IT IS SO ORDERED.**

16 DATED: August 12, 2009

17                                    _____
18                                    Hon. Jeffrey T. Miller
                                   United States District Judge

---

27/28 [1] The declaration also indicates the parties had agreed Plaintiff would withdraw her motion once Defendant's counsel provided her with the LLC citizenship information. (Doc. No. 11 at ¶ 5.) Although L-3 Vertex held up its end of the bargain (Doc. No. 11 at ¶ 6), Plaintiff did not withdraw the motion. This court's attempts to contact Plaintiff's counsel were unsuccessful.